UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLAVANIA

| | : | |
|---|---|---|
| RANDY L. DAVIS, JR., | : | NO. 2:23-CV-02004 (KBH) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| VALLEY FORGE MILITARY | : | |
| ACADEMY AND COLLEGE | : | |
| | : | |
| Defendant. | : | |
| | : | |

***PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER FROM THE RULE 35 IME OF DR. JOSEPH R. BERGER, ASSOCIATE CHIEF, MULTIPLE SCLEROSIS DIVISION, PENN MEDICINE, AND FOR OTHER RELIEF UNDER RULE 35***

Plaintiff, through counsel, hereby moves this Court under Rules 16, 26(c) and 35 of the Federal Rules of Civil Procedure, Local Rules 26.1 and 7.1, and the general policies and procedures of this Court, for a protective order from an independent physical examination (IME) of plaintiff by Dr. Joseph R. Berger (MD) a practicing neurologist and Associate Chief of the Multiple Sclerosis Division at Penn Medicine and a "Penn Medicine Physician" – the same medical system and Neurological and Multiple Sclerosis (MS) division as plaintiff's physician who treats him for disabling multiple sclerosis conditions that are the subject of this litigation - and states the following in support thereof:

## *Background of the motion*

1. On or about March 17, 2025, defendant retained Joseph R. Berger, MD to perform an IME of plaintiff on Monday, March 24, 2025 at 9 am o'clock in Center City, Philadelphia.

2. In preparation of the IME, counsel conducted a thorough online search of Dr. Berger for posted information about where this doctor actively practices medicine and whether he is in active patient care, and if so, what medical system or network he is employed by.

3. Plaintiff's counsel conducted this search on Sunday, March 23, 2025.

4. The search revealed Dr. Berger was a "Penn Medicine physician", and "Associate Chief of the Multiple Sclerosis Division [at Penn Medicine], *and* an Emeritus Professor CE of Neurology" at Penn Medicine, with patient reviews.

5. Dr. Berger's online presence was under "Penn Medicine" with Penn Medicine as the banner headline, publicly disclosing Dr. Berger is a physician in active medical practice at Penn Medicine in the Multiple Sclerosis Division.

6. Since August 25, 2022, plaintiff has actively treated for his Multiple Sclerosis condition at Penn Medicine with Matthew Schindler, MD, PhD. Dr. Schindler is in active practice in the Division of Multiple Sclerosis, Penn Medicine and at Pennsylvania Hospital.

7. Dr. Schindler is also an Assistant Professor of Neurology at Penn Medicine, in the same medical and hospital system and Multiple Sclerosis Division as Dr. Berger (Penn Medicine).

8. Dr. Schindler is in active neurological practice in the same Multiple Sclerosis division, in the same medical and hospital system (Penn Medicine) as Dr. Berger.

9. To date, Dr. Schindler has issued three medical reports addressing the reasonable accommodation needs of plaintiff in his employment as a professor at Valley Forge Military Academy and College, along with an FMLA report that reach medical impressions and conclusions bearing on the ADA claim in this litigation.

10. Dr. Berger and Dr. Schindler's medical practices and active patient care are

coterminous for the same MS specialty at Penn Medicine, and as professor/assistant professors, would be close professional colleagues in their practice.

*__Need for relief under Rule 26(c)__*

11.     Dr. Berger's IME is *100%* expected to medically contradict Dr. Schindler's medical impressions and recommendations for plaintiff's workplace accommodations – the precise reason why defendants hire medical experts in the first place.

12.     A conflicting medical IME report by Dr. Berger – bottomed upon Dr. Berger's review of his colleague Dr. Schindler's treatment of plaintiff – presents a fatal scenario to plaintiff's case: either Dr. Berger's IME would so undermine Dr. Schindler's opinions that plaintiff would be forced to find a new doctors to treat him, or the IME would force plaintiff to find a new medical expert outside of Penn Medicine.

13.     Both scenarios present plaintiff with oppression, undue burden and expense and delay in his treatment, all medically contraindicated and denigrating of plaintiff's right to treat with Dr. Schindler and Penn Medicine, and use Dr. Schindler as an expert.

14.     Both scenarios are harmful towards plaintiff's litigation plan and strategy to obtain the required accommodations and redress and treat with doctors of his own choice. Red.R.Civ.P. 26(c).

15.     Plaintiff demonstrates good cause for a protective order from the IME of Dr. Berger, and plaintiff has met his burden. *Smith v. Bic Corp.*, 869 F.2d 194, 199 (3rd Cir. 1989).

16.     Plaintiff has shown a particular need for the protection, that the IME with Dr. Berger will work a clearly defined, serious injury to plaintiff, including his ability to continue under the care of Dr. Schindler at Penn Medicine or use Dr. Schindler as a medical expert free from the conflict of a senior colleague's oversight or opinions. *Cippollone v. Liggett Group,*

*Inc.,* 785 F.2d 1108, 1121 (3rd Cir.1986); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-787 (3rd Cir.1994).

17. Plaintiff's need for a protective order from the IME of Dr. Berger, and the harm to plaintiff's medical treatment and litigation if protection was denied, is far greater than if the protective order was granted and defendant was compelled to find another IME physician outside of Penn Medicine. *Pansy v. Borough of Stroudsburg*, 23 F.3d at 787.

### *Dr. Berger's CV is misleading, and defendant created its own problems with the IME*

18. On Sunday, March 23, 2025 at 6:30 pm, plaintiff's counsel emailed defendant's counsel that he could not allow Mr. Davis to present for an IME by a physician in the same medical group and department (Multiple Sclerosis) where plaintiff currently treats.

19. Plaintiff's counsel told defendant's counsel that Dr. Berger is not independent, and as a Penn Medicine physician and colleague of Dr. Schindler, Dr. Berger could never conduct an IME of plaintiff without denigrating plaintiff's medical care and treatment and risk losing his doctors.

20. Counsel advised defendant that plaintiff would appear for an IME only with a physician who is 100% outside (not connected with) plaintiff's medical system (Penn Medicine).

21. Plaintiff did not cancel the IME; his appearance for the IME with Dr. Berger was medically contraindicated. No reasonable competent attorney would allow the IME under these circumstances.

22. Dr. Berger's CV (*100 pages*) does not reflect that he is in active medical practice in Neurology, Multiple Sclerosis Division at Penn Medicine. Dr. Berger presents as a *Professor of Neurology.*

23. Dr. Berger's CV does not disclose any specified fee structure upon cancellation of the IME.

24. Defendant substituted Dr. Berger for another Rule 35 IME doctor *7 days* before the IME was to take place. Defendant gave no notice or indication of its fee arrangements with its attorneys or carrier.

25. Plaintiff's counsel all along agreed to a Rule 35 IME and notified defendant's counsel he would attend the IME with plaintiff. Counsel was cooperative.

26. Plaintiff *never agreed* to an IME with a physician in active practice at Penn Medicine who was a professional colleague of Mr. Davis's long-standing treating MS physician (Dr. Schindler) in the same medical system and division (Penn Medicine).

27. Dr. Berger listed his affiliation with Department of Neurology, Perlman School of Medicine, University of Pennsylvania, under "*Other Professional Activities: Clinical*", at the end of a long list of non-relevant and dated clinical work in distant medical systems, *at page 17 of the CV*.

28. Dr. Berger's did not list Perlman School of Medicine, Department of Neurology in his CV under "Professional Medical Experience" or "Academic Medical Professional Experience" (or "Employment") (pp.2-3 of the CV), which is where an attorney looking for active medical practice or affiliation of the doctor would expect to find this.

29. Nowhere in his CV did Dr. Berger list or identify Penn Medicine as a hospital or health system where he was employed as a treating physician in active medical practice.

30. Proper disclosure and vetting of Dr. Joseph R. Berger, and fair representation by defendant that Dr. Berger was in active medical practice at Penn Medicine with plaintiff's

treating physician Dr. Matthew Schindler, *in advance of the IME*, would have prevented defendant's problem with the IME.

31. Defendant has failed to establish good cause for compelling the IME with Dr. Berger. There are dozens of neurologists in the MS field in the Philadelphia area outside of the Penn Medicine system and network qualified to conduct an IME of plaintiff under Rule 35.

32. Defendant has failed to proceed with its request for relief in accordance with proper motion practice under the Federal Rules and Local Rule of Civil Procedure.

33. Defendant has failed to establish good cause to extend the current deadlines under the amended scheduling order (Doc.28).

34. No brief is necessary on the motion.

35. Good cause exists for the entry of the attached proposed order.

WHEREFORE, for all the foregoing reasons, plaintiff requests that the relief in this motion be granted, and that a protective order from the IME of Dr. Joseph R. Berger, and any other physician in the Penn Medicine network and system, be entered in favor of plaintiff and against defendant, and that the attached proposed order be entered. Plaintiff further requests that defendant's demand under its correspondence dated March 25, 2025 that plaintiff pay all or any part of Dr. Berger's fees, or the IME compelled, be denied and that the Court grant plaintiff such other relief as the Court deems just.

                                                        Respectfully submitted,

                                                        */s/ J. Stephen Woodside*  
                                                        J. Stephen Woodside  
                                                        Attorney for plaintiff, Randy Davis, Jr.  
                                                        J. STEPHEN WOODSIDE, P.C.  
                                                        One Belmont Avenue GSB Building-Suite 324  
                                                        Bala Cynwyd, PA 19004  
                                                        610-278-2442  
Dated:  March 26, 2025                          jstephenwoodside@verizon.net

## ***CERTIFICATION OF SERVICE***

The undersigned hereby certifies he served plaintiff's motion for protective order upon the following, through ECF and by email PDF attachment on the date set forth below:

> Christopher J. Gilligan, Esquire
> Daniel T. Renk, Esquire
> MARGOLIS EDELSTEIN
> The Curtis Center
> 170 S. Independence Mall W., Ste. 400E
> Philadelphia, PA 19106-3337
> *Attorneys for defendant, Valley Forge Military Academy and College*
>
> /s/ J. Stephen Woodside
> J. Stephen Woodside

DATED:  March 26, 2025